[No. 32903-1-I.   Division One.   February 7, 1994.]

JOHN C. PLUTA, ET AL, *Appellants*, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, *Respondent*.

CARL RUTHERFORD, ET AL, *Appellants*, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, *Respondent*.

*Elizabeth Spencer* and *Stanislaw, Ashbaugh, Riper, Peters & Beal,* for appellants.

*D. Bradley Hudson* and *Reed McClure*, for respondent.

GROSSE, J. — John and Judith Pluta and Carl and Susan Rutherford (hereafter appellants) appeal from a declaratory judgment finding they were not covered for damage to their homes from landslides and mudflows under homeowners insurance policies issued by United Services Automobile Association (USAA). Appellants claim the policies improperly attempt to circumvent the established rule of "efficient proximate cause". We agree and reverse.

The appellants suffered damage to their homes when heavy rains caused landslides and/or mudflows. They were insured under identical homeowner policies issued by USAA. Generally, the policies provide insurance against "risks of direct loss to property described in Coverages A and B [dwelling and other structures] only if that loss is a physical loss to property". That general statement is followed by an "exclusions" section described in part below. The case was tried on stipulated facts.

In pertinent part the stipulation provides:

2. *The loss for each claim . . . was set into motion by rain.* The rain fell to the ground and collected as surface water and seeped into the ground as subsurface water. The saturation of the soil and/or raising of the groundwater table caused earth movement in the form of a landslide or mudflow which, in turn, physically damaged insured property.

3. The following language appears in the USAA insurance policies that apply to each claim . . ..

1. We do not insure for loss caused directly or indirectly by any of the following. . . .

. . . .

b. **Earth Movement**, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mudflow; earth sinking, rising or shifting; unless direct loss by:

(1) fire;

(2) explosion; or

(3) breakage of glass or safety glazing material which is part of a building, storm door or storm window; ensues and then we will pay only for the ensuing loss.

This exclusion [1.b.] does not apply to loss by theft.

    c. **Water Damage**, meaning:

      (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

      (2) water which backs up through sewers or drains or which overflows from a sump pump, sump well or similar device designed to drain water from the foundation area; or

      (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

    Direct loss by fire, explosion or theft resulting from water damage is covered.

    . . . .

2. We do not insure for loss caused by any of the following. However, any ensuing loss which is not excluded or excepted *in this policy is covered.*

    a. **Weather conditions.** However, *this exclusion only applies if* weather conditions contribute in any way with a cause or event excluded in paragraph 1 above to produce the loss[.]

. . . .

4. *The "efficient proximate cause" of each loss was rain.*

5. Rain is a "weather condition," as that term is used in exclusion 2.a. of the USAA insurance policies.

6. Earth movement, as that term is used in exclusion 1.b. of the USAA insurance policies, was a substantial factor in causing each loss. Earth movement was not the "efficient proximate cause" of the losses, but was more than a "remote cause" of each loss.

7. The loss for each claim is not an "ensuing loss" under exclusion 2 of the USAA policy.

8. The sole issue to be litigated between the parties is whether insurance coverage for each claim is excluded by the exclusions listed in paragraph 3 of this stipulation.

(Italics ours.)

Based on the policy exclusions, USAA denied the appellants' claims for insurance benefits. Thereafter, appellants brought separate actions for declaratory relief, which were consolidated. On the stipulated facts, the trial court concluded the policies did not cover the losses. The trial court held that rain was an excluded "weather condition" because it brought about the damages in combination with the earth movement.

The insurance policy language before us specifically excludes losses caused by weather conditions *if such conditions contribute in any way with a cause or event excluded in paragraph 1* (earth movement) to produce a loss. A plain reading of the terms of the policy in conjunction with the stipulated facts indicates that the appellants' losses would not be covered. The parties agree that rain is a weather condition and caused the landslides or mudflows which damaged the homes. The parties disagree whether rain is a covered peril or an excluded peril. If it is a covered peril the appellants argue the weather conditions exclusion is another attempt by an insurance company to circumvent the efficient proximate cause rule. *Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 627-28, 773 P.2d 413 (1989). USAA counters this is simply a case where the efficient proximate cause, rain, is an uncovered peril. USAA claims there is no coverage because no event in the chain of causation is covered. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 837 P.2d 1000 (1992).

The Supreme Court of Washington has developed a rule of insurance coverage denominated as the "efficient proximate cause" rule. The rule evolved in a series of cases beginning with *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 656 P.2d 1077 (1983). The *Graham* court stated:

Where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought, the insured peril is regarded as the "proximate cause" of the entire loss.

It is the efficient or predominant cause which sets into motion the chain of events producing the loss which is regarded as the proximate cause, not necessarily the last act in a chain of events.

(Citations omitted.) *Graham*, 98 Wn.2d at 538. Thus, when the "efficient proximate cause" of a loss is an event which is expressly covered by the insurance policy, the insured is entitled to benefits, even if there are subsequent events which are specifically excluded from coverage. *See also Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d at 628; *Villella v. Public*

*Employees Mut. Ins. Co.*, 106 Wn.2d 806, 815, 725 P.2d 957 (1986).

After *Graham*, some insurers attempted to circumvent the "efficient proximate cause" rule by rewording their policies. In particular, these insurers added to the exclusionary sections of the policies. In *Villella*, 106 Wn.2d at 817-18, the Supreme Court held that an exclusion for losses contributed to or aggravated by earth movement could not defeat recovery when the efficient proximate cause of any loss was a covered event, there the negligent installation of a drainage system.

In *Hirschmann*, 112 Wn.2d at 624-27, the Supreme Court stated that the question was whether an insurer could circumvent the "efficient proximate cause rule" by drafting variations in the exclusionary language of the policy thereby denying coverage when a *covered peril* sets in motion a causal chain, the last link of which is specifically excluded from coverage. The *Hirschmann* court held that the insured party was entitled to coverage when the covered peril of wind and rain caused a landslide which damaged their home, even where the policy excluded losses caused by earth movement, "whether occurring alone or in any sequence with a covered peril." *Hirschmann*, at 629. The *Hirschmann* court determined the lesson of the *Villella* case to be that the efficient proximate cause rule may not be circumvented. *Hirschmann*, 112 Wn.2d at 627.

However, the efficient proximate cause rule operates only when the precipitating event is a covered peril. There is no coverage when the precipitating event is itself excluded from coverage under the policy. *McDonald v. State Farm Fire & Cas. Co., supra.* In *McDonald*, heavy rains caused fill on one side of a house to slide, in turn causing the foundation to crack and the house to tilt down a hill. The policy excluded foundation cracking, earth movement, and faulty workmanship in materials. The parties agreed the efficient proximate cause was poor construction in the filled area. Because faulty workmanship was and had always been specifically excluded, the Supreme Court held that the insureds were not

entitled to coverage. *McDonald*, 119 Wn.2d at 734-36. Additionally, however, the *McDonald* court expressly reaffirmed its commitment to the efficient proximate cause rule and the decisions applying it.

A plain reading of the policy at issue reveals that the weather conditions exclusion in this case, rain, applies *only* when it combines with a specifically excluded event(s) to create a loss. Therefore, appellants claim the policy does provide for coverage for weather conditions in all cases *except* when combined with later uncovered events. Appellants argue the provision violates the efficient proximate cause rule because it excludes coverage of an otherwise covered event based solely on the subsequent occurrence of an uncovered event.

We agree with the appellants that given the facts of these losses as stipulated, the policy exclusion is unenforceable. In contrast to that in *McDonald*, the stipulation here expressly states that rain was the efficient proximate cause of each loss. The resulting earth movement was a factor in each loss, but also a subsequent event. Thus, the *Hirschmann* decision is directly in point. We see little difference between language excluding a loss "whether occurring alone or in any sequence with a covered peril" and language excluding a loss otherwise covered if it contributes "in any way with a cause or event excluded . . .". The contingent exclusion in this case clearly circumvents the efficient proximate cause rule.

The trial court erred in holding that the losses were not covered. The decision of the trial court is reversed.

SCHOLFIELD and COLEMAN, JJ., concur.

Reconsideration denied March 9, 1994.

Review denied at 124 Wn.2d 1018 (1994).