[No. 33545-6-I.   Division One.   May 30, 1995.]

J. DUNCAN FINDLAY, ET AL., *Appellants*, v. UNITED PACIFIC INSURANCE COMPANY, *Respondent*.

18

*Andrew Weisbecker,* for appellants.

*Robert Riede* and *James Derrig,* for respondent.

*Michael S. Rogers* and *William Hickman* on behalf of United Services Automobile Association and National Association of Independent Insurers, amici curiae.

COLEMAN, J. — In this case we are asked to reconsider whether a homeowners insurance policy that specifically excludes damage caused by the joint action of weather conditions and earth movement improperly circumvents the efficient proximate cause rule. Following the principles recently articulated by the Supreme Court in *Kish v. Insurance Co. of North Am.,* 125 Wn.2d 164, 170, 883 P.2d 308 (1994), we reject the analysis in *Pluta v. United Servs. Auto. Ass'n,* 72 Wn. App. 902, 866 P.2d 690, *review denied,* 124 Wn.2d 1018 (1994) and find that the policy language does not violate the efficient proximate cause rule. Accordingly, we affirm.

In early 1991, the Findlays' cabin sustained considerable structural damage from a landslide that occurred after two months of heavy rain and wind storms had saturated the soil on the steep slope behind the cabin. The Findlays had purchased a homeowners insurance policy from United Pacific, under which they made a claim for damages. That policy insures generally against the "risk of direct physical loss to the property described in Coverages A [dwelling], B, and C [personal property]". The exclusion section provides:

We do not cover loss resulting directly or indirectly from:

. . ..

B. **Earth Movement** to property described in coverages A and B. Direct loss caused by, resulting from, contributed to or aggravated by:

1. Earthquake, landslide, mudflow, earth sinking, rising or shifting [.]

. . ..

We do not insure for loss to property described in coverages A and B caused by any of the following. However, any ensuing loss not excluded or excepted in this policy is covered.

1. **Weather Conditions**, however, this exclusion only applies if weather conditions contribute in any way with any event excluded in items A. through H. above to produce the loss[.]

United Pacific denied coverage for the damage, asserting that the policy excluded coverage for damage caused by weather conditions which trigger earth movement.

■ The Findlays filed an action for declaratory judgment as to the scope of coverages A and C of their homeowners policy. The parties each moved for summary judgment, agreeing that rain and wind constitute a "weather condition" under the policy. The parties also agreed that rain and wind were the "efficient proximate cause" of the loss, while landslide was the immediate cause. The trial court granted summary judgment in favor of United

Pacific regarding coverage A and denied the Findlays' cross-motion for summary judgment.[1] We review issues of insurance contract interpretation de novo. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 730-31, 837 P.2d 1000 (1992) (citing *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990)).

■ The sole issue in this case is whether the Findlays' homeowners policy covers the damage to their cabin under the efficient proximate cause rule.[2] In the insurance context, the "efficient proximate cause" rule clarifies coverage in chain of causation cases in which some, but not all, of the causes of a loss are insured against. "Where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought, the insured peril is regarded as the 'proximate cause' of the entire loss". *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538, 656 P.2d 1077 (1983). When the efficient proximate cause of the loss is expressly covered by the insurance policy, the insured is entitled to benefits even if subsequent events in the causal chain are specifically excluded from coverage. *Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 628, 773 P.2d 413 (1989); *Villella v. Public Empl. Mut. Ins. Co.*, 106 Wn.2d 806, 815, 725 P.2d 957 (1986). Thus, to apply the efficient proximate cause rule, a single act or event must be identified as the proximate cause of the loss and that precipitating event must be a covered peril. *McDonald*, at 732.

---

[1]The Findlays' claim for damage to personal property under coverage C is not at issue in this appeal. After it granted summary judgment in favor of United Pacific as to coverage A, the trial court dismissed the Findlays' remaining claims on the parties' stipulation, including the claim of coverage for personal property damage under coverage C.

[2]We do not consider United Pacific's argument that rain and mudslide constitute a single peril under the policy. Under *Kish*, if rain-induced mudslide constitutes a single event, then the Findlays' damage is not covered because the policy excludes loss caused by mudslide. United Pacific's argument, however, ignores the parties agreement that landslide, not mudslide, combined with rain to cause the loss.

In the present case, the parties agree that rain and wind constitute the efficient proximate cause but disagree as to whether those conditions are a covered peril. This court recently considered an identical situation in *Pluta v. United Servs. Auto. Ass'n, supra.* In *Pluta,* the policyholders' homes sustained damage when heavy rains caused landslides and mudflows. The parties agreed that rain was the efficient proximate cause of the loss but disagreed as to whether the homeowners policies covered rain. The policies insured generally against direct physical loss to property and excluded

1. . . . loss caused directly or indirectly by any of following
. . ..

. . ..

    b. *Earth Movement,* meaning . . . landslide; mudflow . . ..

. . ..

2. We do not insure for loss caused by any of the following. However, any ensuing loss which is not excluded or excepted in this policy is covered.

    a. *Weather conditions.* However, *this exclusion only applies if* weather conditions contribute in any way with a cause or event excluded in paragraph 1 above to produce the loss[.]

*Pluta,* at 903-04. This court found that, although the policy unambiguously excluded coverage of the policyholders' claims, the weather conditions exclusion was unenforceable because it excluded weather conditions only when they combined with a specifically excluded event to cause damage. *Pluta,* at 905-07. The court stated that this attempt to exclude coverage of an otherwise covered event based solely on the subsequent occurrence of an uncovered event improperly circumvented the efficient proximate cause rule. *Pluta,* at 907.

We agree with United Pacific and amicus[3] that the recent Supreme Court case, *Kish v. Insurance Co. of North Am.*, *supra*, although not directly controlling, compels reexamination of this court's decision in *Pluta*. In *Kish*, several insureds' homes were damaged when heavy rain led to high water levels in a river basin and flood water caused a sewage lagoon to overflow, inundating the insureds' homes. The homeowners insurance policies excluded loss caused by floods. *Kish*, at 166-67. The policyholders argued that rain and flood were distinct perils and that rain was the efficient proximate cause of their damages. The Supreme Court held that rain and flood constituted a single peril in that case, reasoning that the average purchaser of insurance would expect "flood" to encompass rain-induced flood because, as evidenced by dictionary definitions, rain is a well recognized and common part of a flood. *Kish,* at 170-71. Thus, the damage was not covered because rain-induced flood was the only cause of the loss and the policy excluded loss caused by floods.

Although the efficient proximate cause rule did not apply because the loss was attributed to a single cause, the court noted that its reliance on the expectations of the parties to the insurance contract found support in the rationale behind the efficient proximate cause rule. As a method of defining causation in the insurance context, the efficient proximate cause analysis was adopted in this state to allow inquiry into the intent and expectations of the parties to an insurance contract. *Kish*, at 172; *Graham*, at 538 (replacing immediate physical cause test of causation with efficient proximate cause analysis). This approach was designed to "provide a 'workable rule of coverage that provides a fair result within the reasonable expectations of both the insured and the insurer.'" *Kish*, at 172 (quoting *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395,

---

[3]United Services Automobile Association and National Association of Independent Insurers filed an amicus curiae brief.

404, 770 P.2d 704, 257 Cal. Rptr. 292 (1989)). The Supreme Court further explained that applying the efficient proximate cause rule in *Kish* would make it difficult for any insurer to ever exclude flood damage without excluding all rain damage, which could lead to the "unjustified and unwise result" of less coverage for insureds. *Kish*, at 173 (citing Lawrence A. Wans, Comment, *Washington's Judicial Invalidation of Unambiguous Exclusion Clauses in Multiple Causation Insurance Cases*, 67 Wash. L. Rev. 215 (1992)).

This reasoning appears to acknowledge that application of the efficient proximate cause rule has been the subject of criticism for ignoring unambiguous policy language without invoking public policy concerns. *See, e.g., Hirschmann*, at 632-33 (Callow, C.J., dissenting) (ignoring unambiguous policy language decreases availability and affordability of homeowners insurance); *Graham*, at 540-41 (Brachtenbach, J., dissenting) (cannot use rule of proximate causation to ignore unambiguous policy terms); Wans, 67 Wash. L. Rev. 215, 219-22, 225-34. In addition, the Supreme Court's holding that the peril causing the loss had been artificially divided into two distinct events signals a retreat from overly broad or strict application of the rule.

■ Viewing the homeowners policy at issue in the present case with these principles in mind, we find that the policy does not improperly circumvent the efficient proximate cause rule because its language and structure communicate an intent to exclude coverage when weather conditions combine with earth movement to cause a loss. As this court concluded in *Pluta v. United Servs. Auto. Ass'n*, 72 Wn. App. 902, 866 P.2d 690, *review denied*, 124 Wn.2d 1018 (1994), the plain language of the provision clearly states that coverage for weather conditions is excluded except in certain circumstances and that coverage is always excluded when weather conditions and earth movement act together.

■ The structure of the policy further demonstrates

that the parties intended to exclude coverage in the present circumstances. The structure of an insurance policy provides "an important objective source of meaning and intent" when interpreting that policy. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 734, 837 P.2d 1000 (1992) (finding ensuing loss clause in exclusion section of policy that excluded all causes of the insured's loss could not be read as a grant of coverage). Unlike other policies that have been held to improperly circumvent the efficient proximate cause rule, the Findlays' policy expressly addresses weather conditions in an exclusion provision. In *Villella*, the policyholder, whose home had dropped eight inches on one side, alleged that the efficient proximate cause of his loss was negligent construction. The insurer denied coverage on the basis of a clause that excluded "any loss caused by, resulting from, *contributed to* or aggravated by [earth movement]." (Italics ours.) *Villella*, at 809. The Supreme Court noted that the policy covered negligent construction by failing to expressly exclude it[4] and held that the earth movement exclusion could not be used to deny coverage if negligent construction was in fact the efficient proximate cause of the loss. *Villella v. Public Empl. Mut. Ins. Co.*, 106 Wn.2d 806, 819, 725 P.2d 957 (1986). In *Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 773 P.2d 413 (1989), the policyholders' homes sustained damage when the hillside on which they were built collapsed after a period of heavy rains. Weather conditions were covered because the policy did not expressly exclude them. "The insurer denied coverage under a clause that excluded loss caused by [earth movement], *whether occurring alone or in any sequence with a covered peril*". *Hirschmann*, at 624. Finding this language functionally similar to the policy language in *Villella*, the Supreme Court held that it improperly circumvented the efficient proximate cause rule.

The homeowners policies in *Villella* and *Hirschmann*

---

[4]An all-risk homeowners policy, by definition, insures against all perils that are not expressly excluded. *McDonald*, at 731 n.5.

differ from the present policy in two respects relevant to this analysis. First, the perils identified as the efficient proximate causes in those cases were covered because the policies did not expressly exclude them, whereas the exclusion section of the Findlays' policy specifically addresses the peril constituting the efficient proximate cause. Second, in those cases, the insurers attempted to exclude coverage in a separate clause that primarily addressed the immediate cause of the loss (earth movement). In the policy at issue here, the peril identified as the efficient proximate cause (weather conditions) is named in the same clause that defines the scope of coverage for that peril.

Reexamination of the policy language in the present case demonstrates that the analysis in *Pluta* is flawed. Evaluated in light of the principles articulated by the Supreme Court in *Kish*, we find that the policy language here does not improperly circumvent the efficient proximate cause rule. Therefore, the damage to the Findlays' cabin caused by the joint action of weather conditions and earth movement is not covered under the policy. Because the Findlays do not prevail on appeal, they are not entitled to attorney fees.

The trial court's order of summary judgment is affirmed.

BECKER and Cox, JJ., concur.

Review granted at 127 Wn.2d 1021 (1995).