917 P.2d 116 (1996)
129 Wash.2d 368
J. Duncan FINDLAY and Mary E. Findlay, individually and as a marital community, Petitioners,
v.
UNITED PACIFIC INSURANCE COMPANY, Respondent.
No. 63129-8.
Supreme Court of Washington, En Banc.
Argued February 8, 1996.
Decided June 6, 1996.
*117 Reed McClure, Michael S. Rogers, William R. Hickman, Seattle, Harbaugh & Bloom, Gary N. Bloom, Spokane, Debra Stephens, Bryan Harnetiaux, Spokane, for Amicus Curiae.
Ryan, Swanson & Cleveland, John T. Petrie, Seattle, Tewell & Findlay, Andrew Weisbecker, Seattle, for Petitioner.
Bullivant, Houser, Bailey, Pendergrass & Hoffman, Robert F. Riede, James Derrig, Jerret E. Sale, Seattle, for Respondent.
GUY, Justice.

Facts
This case involves a dispute regarding coverage under a homeowners insurance policy. The policyholders, Mary and Duncan Findlay, own a summer cabin which is at the base of a steep slope on a beach in Snohomish County. In early 1991, the slope behind the cabin failed, sliding into the rear of the cabin and causing structural damage. The landslide was caused by rain and wind. The parties agree that heavy rainstorms provided the initial source of water penetration into the steep slope. Then high winds, generated by severe storms, caused large tree roots to loosen the soils on the slope. Subsequent rains penetrated the loose soils and the landslide occurred.
The Findlays had an all-risk homeowners insurance policy with United Pacific Insurance Company. In the "Perils Insured Against" section, the policy states:
We insure for risk of direct physical loss to the property described in Coverages A, B and C EXCEPT: ....
Coverage A, which is now at issue, provides insurance for the dwelling. The "Exclusions" section of the policy states in relevant part:
WE DO NOT COVER LOSS RESULTING DIRECTLY OR INDIRECTLY FROM:
....
B. EARTH MOVEMENT TO PROPERTY DESCRIBED IN COVERAGES A.... DIRECT LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY:
1. EARTHQUAKE, LANDSLIDE, MUDFLOW, EARTH SINKING, RISING OR SHIFTING[.]

*118 ....
WE DO NOT INSURE FOR LOSS TO PROPERTY DESCRIBED IN COVERAGES A ... CAUSED BY ANY OF THE FOLLOWING. HOWEVER, ANY ENSUING LOSS NOT EXCLUDED OR EXCEPTED IN THIS POLICY IS COVERED.
1. WEATHER CONDITIONS, HOWEVER, THIS EXCLUSION ONLY APPLIES IF WEATHER CONDITIONS CONTRIBUTE IN ANY WAY WITH ANY EVENT EXCLUDED IN ITEMS A. THROUGH H. ABOVE TO PRODUCE THE LOSS[.]
The Findlays submitted a claim for the damage to the cabin to United Pacific. The insurer denied coverage on the basis that the weather conditions of rain and wind triggered earth movement to cause the damage and that such a loss was not covered due to the "earth movement" and "weather conditions" exclusions. The Findlays filed an action for a declaratory judgment arguing that these exclusions violated the "efficient proximate cause" rule and should not be enforced.
The parties agreed there was no issue of fact and filed cross motions for summary judgment. The parties agreed that the "efficient proximate cause" of the loss was the rain and wind. The trial court granted the insurer's motion and dismissed the Findlays' action.[1]
Division One of the Court of Appeals affirmed the trial court's summary judgment. Findlay v. United Pac. Ins. Co., 78 Wash. App. 17, 895 P.2d 32, review granted, 127 Wash.2d 1021, 904 P.2d 1158 (1995). We accepted review and now affirm the Court of Appeals' decision.

Issue
Does the efficient proximate cause rule apply to mandate coverage when an insurance policy excludes coverage for the peril which was the proximate cause of the loss?

Analysis
In 1983, this Court adopted the "efficient proximate cause" rule. Graham v. Public Employees Mut. Ins. Co., 98 Wash.2d 533, 538, 656 P.2d 1077 (1983). This rule addresses the issue of whether an all-risk insurance policy covers a loss caused by two or more perils when one of the perils is excluded and the other peril is covered. Graham explained that:
Where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought, the insured peril is regarded as the "proximate cause" of the entire loss.
It is the efficient or predominant cause which sets into motion the chain of events producing the loss which is regarded as the proximate cause, not necessarily the last act in a chain of events.
Graham, 98 Wash.2d at 538, 656 P.2d 1077 (citations omitted). See also 5 John A. Appleman & Jean Appleman, Insurance Law and Practice § 3083, at 309 (1970); 18 Ronald A. Anderson, Couch on Insurance § 74:709, at 1019 (2d rev. ed.1983). The identification of a certain event as the efficient proximate cause of a loss is usually a question of fact. Graham, 98 Wash.2d at 539, 656 P.2d 1077. However, in the present case, the Findlays and United Pacific agree that the efficient proximate cause of the loss was the weather conditions of rain and wind.
In the cases since Graham, we have consistently adhered to the proximate cause rule. Villella v. Public Employees Mut. Ins. Co., 106 Wash.2d 806, 815, 725 P.2d 957 (1986); Safeco Ins. Co. v. Hirschmann, 112 Wash.2d 621, 625, 773 P.2d 413 (1989); McDonald v. State Farm Fire & Casualty Co., 119 Wash.2d 724, 731, 837 P.2d 1000 (1992); Kish v. Insurance Co. of N. Am., 125 Wash.2d 164, 169, 883 P.2d 308 (1994).
The policyholders here rely on the Villella and Hirschmann cases for the proposition that the efficient proximate cause rule applies to mandate coverage under the policy *119 involved in this case. We disagree. The holdings in those cases are consistent with the trial court's and Court of Appeals' denial of coverage under the facts and policy language of the present case.
In Villella, the homeowners sought coverage for damage to the foundation of their home allegedly caused by the builder's failure to install a proper drainage system. They claimed the damage resulted from the builder's negligence (a covered peril), and the insurer claimed the damage resulted from the earth movement (an excluded peril). The homeowner argued the builder's negligence set in motion a sequence of events (including earth movement) culminating in the damage to the house. The policy excluded losses resulting directly or indirectly from earth movement, which included loss "`caused by, resulting from, contributed to or aggravated by ... earth sinking, rising or shifting.'" Villella, 106 Wash.2d at 809, 725 P.2d 957.
We adhered to the Graham proximate cause rule quoted above and explained:
Stated in another fashion, where an insured risk itself sets into operation a chain of causation in which the last step may have been an excepted risk, the excepted risk will not defeat recovery.
Villella, 106 Wash.2d at 815, 725 P.2d 957. We held that the policy would cover the loss if the builder's negligence was the efficient proximate cause. Although earth movement was one cause in the chain of causation, the alleged efficient proximate cause of the loss was the purported negligence of the builder. We therefore remanded for the factual determination of whether the negligence was the efficient proximate cause of the loss. If so, the earth movement exclusionary clause would not exclude coverage. Application of the proximate cause rule to allow coverage was appropriate because the builder's negligence was a peril that was covered by the insurance policy. The policy in Villella did preclude coverage for earth movement, but it did not exclude losses caused by both earth movement and another covered peril. It was not clear from the policy that the loss which occurred would not be covered. Absent extrinsic evidence showing intent, an ambiguous clause in an insurance policy will be strictly construed against the insurer. The rule strictly construing ambiguities in favor of the insured applies with added force to exclusionary clauses which seek to limit policy coverage. E.g., American Star Ins. Co. v. Grice, 121 Wash.2d 869, 874-75, 854 P.2d 622 (1993). In Villella, a straightforward application of the efficient proximate cause rule provided coverage because, under the policy, the alleged proximate cause was an insured risk. This is different from the present case where the proximate cause of the loss (the weather) was a specific named exclusion in the insurance policy.
The Hirschmann case, also relied upon by the Findlays, had very similar facts to this case with regard to the loss, but the insurance policy was significantly different from the United Pacific policy in the present case. In the Hirschmann case, heavy rains saturated the soil causing a landslide which pushed a house off its foundation. The homeowners insurance policy covered loss caused by rain, which was the efficient proximate cause of the loss. However, the policy excluded coverage for damage due to a number of causes (including earth movement) "whether occurring alone or in any sequence with a covered peril." The insurer contended that this broad exclusionary language excluded coverage for any loss resulting from a causal chain which included any excluded peril, regardless of how insignificant the contribution from the excluded peril may have been. We held that an insurer could not, by drafting a variation in exclusionary clause language, deny coverage when a covered peril sets in motion a causal chain the last link of which is an excluded peril. Hirschmann, 112 Wash.2d at 626-27, 773 P.2d 413. It was impossible to tell from reading the policy in that case what losses were being covered and what losses were being excluded.
Because the disputed language in the Hirschmann policy ("whether occurring alone or in any sequence with a covered peril") was in an introductory section, it applied to all exclusions and, if we had accepted the insurer's interpretation, any contribution by any excluded peril, however insignificant, would have always eliminated coverage for a loss. This would have been the result even in *120 cases where the efficient proximate cause of the loss was a covered peril.
In this case, the Findlays argue that the Hirschmann court's conclusion that the policy language in that case was unenforceable should be extended to the policy language at issue here. The policy language in the United Pacific policy at issue is significantly different than the language of the policy at issue in Hirschmann. This is not a case where the efficient proximate cause rule is being circumvented by disallowing coverage any time an excluded event occurs in the chain of causation, even when the triggering cause of the loss is a covered risk. In this case, the proximate cause of the loss was a named, excluded peril. Weather conditions are specifically excluded whenever they combine with earth movement to cause a loss. The policy is unambiguous as to what was covered and what was excluded from coverage.
We recognized in Hirschmann that a policy's exclusionary clause may operate to deny coverage for losses resulting from causal chains in which excluded perils are the only proximate causes, or chains in which an excluded peril is the efficient proximate cause. Hirschmann, 112 Wash.2d at 631, 773 P.2d 413. That is the case herean excluded peril was the efficient proximate cause of the loss. What we were not allowing in Hirschmann was the use of broad policy language which eliminates the relevance of the efficient proximate cause rule under all possible circumstances. We did not forbid the use of clear policy language to exclude a specifically named peril from coverage.
By its own terms, the efficient proximate cause rule operates when an insured risk or covered peril sets into motion a chain of causation which leads to a loss. McDonald, 119 Wash.2d at 732, 837 P.2d 1000. In McDonald, we declined the request to discard the efficient proximate cause rule and reaffirmed our commitment to the rule and the decisions applying it. 119 Wash.2d at 732, 837 P.2d 1000. However, we refused to apply the proximate cause rule to allow for coverage when the efficient proximate cause of the damage was the faulty construction of the filled area adjacent to the foundation of a home (which caused earth movement) because earth movement caused by faulty construction was an excluded risk in the policy. McDonald, 119 Wash.2d at 733-34, 837 P.2d 1000. We explained that in a chain of causation case, the efficient proximate cause rule is properly applied after (1) a determination of which single act or event is the efficient proximate cause of the loss, and (2) a determination that the efficient proximate cause of the loss is a covered peril. McDonald, 119 Wash.2d at 732, 837 P.2d 1000. In the present case, the parties agree the efficient proximate cause of the loss was weather conditions, specifically rain and wind. This cause is not a covered loss because the policy unambiguously states that it does not insure for loss caused by weather conditions if the weather conditions contribute to earth movement. In McDonald, 119 Wash.2d at 735, 837 P.2d 1000, we held that only if the peril which is the efficient proximate cause of the loss is a covered peril does the efficient proximate cause rule come into play. There is no coverage in the present case when the precipitating event is itself excluded from coverage by the clear terms of the insurance policy.
We recognize the importance of both the language and the structure of an all-risk insurance policy. In McDonald, 119 Wash.2d at 734, 837 P.2d 1000, we explained that because the structure of an all-risk homeowners insurance policy consists of a grant of coverage counterbalanced by coverage exclusions, an interpretation of provisions contained in such a policy must acknowledge this structure, which is an important objective source of meaning and intent. In the present case, the clause concerning losses caused by weather conditions is contained in the exclusions section of the policy. The language and the structure of the policy communicate an intent to exclude coverage when weather combines with earth movement to cause a loss.
This Court's recent opinion in Kish v. Insurance Co. of N. Am., 125 Wash.2d 164, 883 P.2d 308, supports the trial court's and the Court of Appeals' conclusions in this case. In Kish, this Court emphasized that "the purpose of the efficient proximate cause rule *121 is to provide a `workable rule of coverage that provides a fair result within the reasonable expectations of both the insured and the insurer.'" Kish, 125 Wash.2d at 172, 883 P.2d 308 (quoting Garvey v. State Farm Fire & Casualty Co., 48 Cal.3d 395, 404, 770 P.2d 704, 257 Cal.Rptr. 292 (1989)). Therefore, if the contract is clear that a specific named peril (such as a landslide caused by rain) is excluded from coverage, then the rule simply acts to give effect to the articulated expectations of the parties.
In Garvey, 48 Cal.3d at 408, 257 Cal.Rptr. 292, 770 P.2d 704, cited with approval by this Court in Kish, the California Supreme Court explained that
the reasonable expectations of the insurer and the insured in the first-party property loss portion of a homeowner's policy as manifested in the distribution of risks, the proportionate premiums charged and the coverage for all risks except those specifically excludedcannot reasonably include an expectation of coverage in property loss cases in which the efficient proximate cause of the loss is an activity expressly excluded under the policy.
For the first time on appeal, the insurer argued that rain and mudslide constitute a single peril under the policy. We disagree that a landslide and rain are the "same peril." Although we found in Kish that raininduced flood was the same peril as flood, we did not hold that all causes in a sequential chain of events are the same peril. Such a holding would abrogate the efficient proximate cause rule in all cases. In Kish, 125 Wash.2d at 170, 883 P.2d 308, we recognized that the characterization of perils is a question of contract and looked to the insurance contract to determine if two perils are separate under the language of the policy. In the Findlays' policy, earth movement is a separate exclusion from the weather conditions exclusion. Coverage is denied in this case because the efficient proximate cause of the loss was an excluded peril in the policy, not because winds and rain are the same peril as a landslide.
The contention that exclusions from coverage in all-risk insurance policies generally violate public policy is not supported by Washington law. The "reasonable expectation" doctrine has never been adopted in Washington, and there is no reasonable expectation that no exemptions to coverage exist. State Farm Gen. Ins. Co. v. Emerson, 102 Wash.2d 477, 485, 687 P.2d 1139 (1984). Rather, insurance policies are to be construed as contracts. E.g., Emerson, 102 Wash.2d at 480, 687 P.2d 1139. In an all-risk homeowners insurance policy, any peril that is not specifically excluded in the policy is an insured peril. Villella, 106 Wash.2d at 816, 725 P.2d 957. However, all-risk homeowners insurance policies may contain exclusions, and the agreement is to be interpreted in a way that gives effect to each provision of the insurance contract. McDonald, 119 Wash.2d at 734, 837 P.2d 1000.
We have repeatedly held that an insurer, as a private contractor, is ordinarily permitted to limit its liability unless to do so would be inconsistent with public policy. When such public policy exists, it will ordinarily be found in a regulatory statute. American Home Assurance Co. v. Cohen, 124 Wash.2d 865, 873-74, 881 P.2d 1001 (1994) (generally an insurance contract does not violate public policy where it is not prohibited by statute, condemned by judicial decision, or contrary to the public morals); Smith v. Continental Casualty Co., 128 Wash.2d 73, 83, 904 P.2d 749 (1995); Boeing Co. v. Aetna Casualty & Sur. Co., 113 Wash.2d 869, 876 n. 1, 784 P.2d 507 (1990); Eurick v. Pemco Ins. Co., 108 Wash.2d 338, 343, 738 P.2d 251 (1987); Britton v. Safeco Ins. Co., 104 Wash.2d 518, 528-29, 707 P.2d 125 (1985); Mutual of Enumclaw Ins. Co. v. Wiscomb, 95 Wash.2d 373, 622 P.2d 1234 (1980), aff'd on reh'g, 97 Wash.2d 203, 210, 643 P.2d 441 (1982). There is no statute that requires an insurer to cover losses for earth movement in a homeowners policy. The policy at issue in this case does not violate any articulated public policy.
The parties agree that it violates no public policy for an insurer to write an insurance policy to exclude coverage for loss caused by adverse weather. In this case, the policy excludes loss caused by weather conditions, but then adds back or restores coverage *122 for losses caused by weather which does not occur in concert with one of the policy's other stated exclusions. This provides greater protection for a policyholder than would be enjoyed under an absolute weather exclusion. If an exclusion for weather conditions does not violate any public policy, then an exclusion for only some instances of weather loss cannot violate public policy. Our goal in construing an insurance policy is to give effect to the apparent clear intention of the parties. Rones v. Safeco Ins. Co., 119 Wash.2d 650, 654, 835 P.2d 1036 (1992). Here, the clear intent of the parties gleaned from the insurance contract is that landslides are not a covered peril.

Conclusion
What this court will not enforce is a contract of insurance wherein coverage is excluded simply because one cause of a loss, in a chain of causation, is an excluded peril. Villella, 106 Wash.2d 806, 725 P.2d 957; Hirschmann, 112 Wash.2d 621, 773 P.2d 413. If the efficient proximate cause, the cause that triggers other causes to result in a loss, is a specifically named, unambiguous excluded peril in the policy, we will not mandate coverage. We will not, under the guise of public policy, rewrite a clear contract between the parties. The efficient proximate cause rule should be applied to enforce the reasonable expectations of the parties based on the language of the insurance contract and not to create a new contract for the parties.
The Findlays seek an award of attorney fees since an insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees. McGreevy v. Oregon Mut. Ins. Co., 128 Wash.2d 26, 28, 904 P.2d 731 (1995); Olympic S.S. Co. v. Centennial Ins. Co., 117 Wash.2d 37, 54, 811 P.2d 673 (1991). However, since the Findlays have not prevailed, they are not entitled to attorney fees. See McGreevy, 128 Wash.2d at 33, 904 P.2d 731; Olympic S.S., 117 Wash.2d at 54, 811 P.2d 673.
We affirm the Court of Appeals' decision which affirmed the trial court's grant of summary judgment.
DURHAM, C.J., and MADSEN, Acting C.J., DOLLIVER, ALEXANDER, SMITH and SANDERS, JJ., concur.
TALMADGE, Justice (dissenting).
We are called upon in this case to decide whether the doctrine of efficient proximate cause in the interpretation of all-risk homeowner's insurance contracts is a principle for policy construction, or a rule of public policy which the parties to the contract may not avoid.[1] Without overruling earlier cases which found efficient proximate cause to be a rule of public policy, the majority holds the doctrine of efficient proximate cause is a *123 principle of insurance policy construction because, in the majority's view, public policy must be based on a statute or regulation. I respectfully disagree.
We adopted the efficient proximate cause rule in 1983 in Graham v. Public Employees Mut. Ins. Co., 98 Wash.2d 533, 538, 656 P.2d 1077 (1983). We have adhered to this rule in cases since that time. Villella v. Public Employees Mut. Ins. Co., 106 Wash.2d 806, 725 P.2d 957 (1986); Safeco Ins. Co. v. Hirschmann, 112 Wash.2d 621, 773 P.2d 413 (1989); McDonald v. State Farm Fire & Casualty Co., 119 Wash.2d 724, 837 P.2d 1000 (1992); and Kish v. Insurance Co. of N. Am., 125 Wash.2d 164, 883 P.2d 308 (1994). The doctrine of efficient proximate cause provides:
where a peril specifically insured against sets other causes into motion which, in an unbroken sequence, produce the result for which recovery is sought, the loss is covered, even though other events within the chain of causation are excluded from coverage. Graham v. Public Employees Mut. Ins. Co., 98 Wash.2d 533, 538, 656 P.2d 1077 (1983). "Stated in another fashion, where an insured risk itself sets into operation a chain of causation in which the last step may have been an excepted risk, the excepted risk will not defeat recovery." (Citation omitted.) Villella v. Public Employees Mut. Ins. Co., 106 Wash.2d 806, 815, 725 P.2d 957 (1986).
McDonald, 119 Wash.2d at 731, 837 P.2d 1000.
A careful reading of the Graham case, however, plainly indicates the decision to adopt the doctrine of efficient proximate cause was a determination of public policy made by this Court in light of the serious consequences of the 1980 explosion of Mount St. Helens. In Graham, we overruled the rule of construction for causation in insurance contracts articulated in Bruener v. Twin City Fire Ins. Co., 37 Wash.2d 181, 222 P.2d 833, 23 A.L.R.2d 385 (1950), because the Bruener rule would have foreclosed coverage for innumerable Washington citizens affected by the eruption of Mount St. Helens and the resultant ice and snow melts, and mudflows. We abandoned immediate physical cause for proximate causation in insurance policies. Graham, 98 Wash.2d at 536-39, 656 P.2d 1077.
The dissent in Graham believed the majority was making a public policy determination. In the dissent, then Chief Justice Brachtenbach suggested the analysis of the Graham Court "requires that we ignore clear provisions in the insurance contract." Graham, 98 Wash.2d at 541, 656 P.2d 1077. Chief Justice Brachtenbach also noted the insurer, as a private contractor, "is ordinarily permitted to limit its liability unless inconsistent with public policy or some statutory provision. Mutual of Enumclaw Ins. Co. v. Wiscomb, 97 Wash.2d 203, 210, 643 P.2d 441 (1982)." Graham, 98 Wash.2d at 540, 656 P.2d 1077. Chief Justice Brachtenbach and the other Graham dissenters criticized the Graham majority for reaching the result by an implicit public policy analysis. It is ironic the majority here believes Graham's efficient proximate cause rule is not based on public policy.
Our decisions in Villella and Hirschmann confirm the doctrine of efficient proximate cause is a rule of public policy. In Hirschmann, we stated:
The Graham rule suggests that whenever the term "cause" appears in an exclusionary clause it must be read as "efficient proximate cause." This interpretation is confirmed by Villella. When an insured risk sets into operation a chain of causation in which the last step may be an excluded risk, the exclusion will not defeat recovery. See Villella [, 106 Wash.2d ] at 815-16 [,725 P.2d 957].
Hirschmann, 112 Wash.2d at 629, 773 P.2d 413. We further indicated insurance carriers may not alter policy language to circumvent the efficient proximate cause rule:
In Villella we noted the specific language in Pemco's policy that purported to exclude coverage. It was uncontroverted that an excluded peril "contributed to or aggravated" the loss. Nevertheless, we declined to allow the insurer to circumvent the rule by use of its exclusionary clause. Similarly, we decline to allow Safeco to circumvent the rule by use of its exclusionary clause.
*124 Hirschmann, 112 Wash.2d at 629, 773 P.2d 413. This result is inconsistent with the doctrine of efficient proximate cause as a mere rule of insurance policy construction.
The majority opinion in Hirschmann again provoked a dissent. Then Chief Justice Callow criticized the majority's articulation of the efficient proximate cause rule as a rule of public policy, indicating his belief insurance carriers could define causation in their insurance contract as they saw fit. Hirschmann, 112 Wash.2d at 634, 773 P.2d 413. Chief Justice Callow criticized the majority for adopting a public policy analysis:
Contrary to settled law, the majority invalidates unambiguous language in an insurance contract without stating how it is inconsistent with this State's public policy. The insurance industry's ability to segregate and manage risk will be severely impaired. Insurance purchasers may be required to choose between high premiums or foregoing "all-risk" coverage entirely. Public policy does not uphold, but strongly indicates a result other than the majority position.
Hirschmann, 112 Wash.2d at 635, 773 P.2d 413. The Hirschmann dissent again indicated the efficient proximate cause doctrine is a rule of public policy.
In McDonald, we expressly reaffirmed our commitment to the efficient proximate cause rule and our decisions enforcing it. McDonald, 119 Wash.2d at 732, 837 P.2d 1000. See also Pluta v. United Serv. Auto. Ass'n, 72 Wash.App. 902, 866 P.2d 690, review denied, 124 Wash.2d 1018, 881 P.2d 254 (1994); Sunbreaker Condominium Ass'n v. Travelers Ins. Co., 79 Wash.App. 368, 901 P.2d 1079 (1995); Eide v. State Farm Fire & Casualty Co., 79 Wash.App. 346, 901 P.2d 1090 (1995).
However, in Kish, we signaled for the first time an insurance carrier could write policy language to circumvent the rule of efficient proximate cause. Kish, 125 Wash.2d at 170-73, 883 P.2d 308. Now, the majority completes that work. The majority here indicates the doctrine of efficient proximate cause is a rule of policy construction rather than a rule of public policy. Therefore, insurance carriers may write policy language to circumvent efficient proximate cause. In effect, the majority has overruled Graham, Villella, Hirschmann, and McDonald sub silentio.
The principal basis for the majority's analysis is its mistaken belief public policy may invalidate insurance contract provisions only when such policy is expressed in a statute or regulation, citing American Home Assurance Co. v. Cohen, 124 Wash.2d 865, 873-74, 881 P.2d 1001 (1994). In Cohen, we indicated public policy is rarely invoked to override the express terms of an insurance policy. This is appropriate. However, we also stated in Cohen an insurance contract may violate public policy where it is prohibited by statute, contrary to the public morals, or condemned by judicial decision. Cohen, 124 Wash.2d at 874, 881 P.2d 1001; Brown v. Snohomish County Physicians Corp., 120 Wash.2d 747, 753, 845 P.2d 334 (1993).
Plainly, judicial decisions may also articulate the public policy of our State, and public policy may override an insurance policy provision even in the absence of a statute or regulation. Most recently, for example, we held in Gardner v. Loomis Armored, Inc., 128 Wash.2d 931, 913 P.2d 377 (1996), a validly determined company work rule must fail in light of the larger public policy of preserving human life. Such public policy is based on a "higher good" that any "rightthinking person" would recognize in the circumstances. Gardner, 913 P.2d at 387 (Guy, J., concurring). In Gardner, we found public policy in the morality and fundamental principles of our society, rather than in a statute or regulation, and expressed such policy in a judicial decision.
The majority's opinion today ends the doctrine of efficient proximate cause as a rule of public policy and permits insurance carriers to write policy language on causation as they see fit. This is a mistake. In this case, in the guise of an exclusion in "all-risk homeowner's" policy, the majority permits United Pacific to exclude coverage for the Findlays' property loss which was occasioned by both rain and earth movement. By creative policy language, United Pacific avoids coverage for the Findlays, with the majority's acquiescence, precisely in the manner denied to Safeco by this Court in Hirschmann. As we *125 clearly learned when Mount St. Helens erupted in 1980, the efficient proximate cause rule better serves policyholders in Washington State, particularly policyholders believing they are insured against "all risks." This interpretation has major consequences for policyholders in Washington who face such coverage questions each year when the rains come.
More fundamentally, the majority is wrong in its belief this Court cannot articulate public policy apart from a statute or regulation. This Court is not, and should not be, as powerless to determine public policy as the majority believes.
JOHNSON, J., concurs.
NOTES
[1] The coverage due under coverage C, for loss to personal property, was not subject to the summary judgment motions and was apparently resolved by agreement of the parties.
[1] United Pacific Insurance Co. (United Pacific) marketed the insurance policy at issue in this case as an "all-risk homeowner's insurance policy." While a certain amount of hyperbole is to be expected from the marketing departments of insurance carriers, it is plain the insurance policy in this case did not cover all risks. As we observed in McDonald v. State Farm Fire & Casualty Co., 119 Wash.2d 724, 731 n. 5, 837 P.2d 1000 (1992) (quoting 2 W. Freedman, Richards on Insurance, § 212 (5th ed 1952)), an "all-risk" homeowners policy promises "`to pay upon the fortuitous and extraneous happening of loss or damage ... from any source whatsoever, ... except when occasioned by the wilfull or fraudulent act or acts of the insured.'" As noted in Lawrence A. Wans, Washington's Judicial Invalidation of Unambiguous Exclusion Clauses in Multiple Causation Insurance Cases, 67 WASH. L. REV. 215, n. 2 (1992):

An all-risk insurance policy extends coverage for all losses to the subject matter unless the loss or its cause is specifically excluded. The specified risk or named peril policy extends coverage only if a peril enumerated in the policy causes the loss. In theory, the all-risk policy provides broader coverage than the specified risk policy. See Litsey, Property Insurance Coverage and Policy Exclusions: Problems of Multiple Causation, 35 FIC Q. 415 (1985).
The exclusions here were far more extensive than the term "all-risk" suggests. Insurance carriers would be well advised that unless they wish to have their marketing departments establish the scope of coverage for their underwriting departments, they should describe the actual coverage undertaken in the policies with greater precision and less salesmanship: "Courts and consumers have good reason to insist that if insurers promise an all-risk policy, insurers should deliver an all-risk policy." Wans, 67 Wash. L. Rev. at 227.