# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HAROLD KALLES, | No. 50827-3-II |
| Appellant, | |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., a foreign insurance co.. | PUBLISHED OPINION |
| Respondent. | |

LEE, A.C.J. — Harold Kalles appeals the superior court's order denying his motion for partial summary judgment. The superior court concluded that Kalles's underinsured motorist (UIM) policy did not include coverage for loss of use while the insured vehicle was being repaired. Kalles argues that the language in his UIM policy requires coverage for loss of use.

We hold that the UIM policy language is ambiguous and should be interpreted in favor of the insured. Accordingly, we reverse the superior court's order denying partial summary judgment.

## FACTS

Kalles's new Land Rover was damaged by an uninsured motorist. Kalles had UIM coverage through State Farm Mutual Automobile Insurance Co. The insuring agreement in Kalles's UIM policy states:

No. 50827-3-II

> [State Farm] will pay compensatory damages for *property damage* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*.

Clerk's Papers (CP) at 119 (emphasis in original). The UIM policy defines "property damage" as:

> physical damage to or destruction of: 1. *your car* or a *newly acquired car*, or 2. property owned by an *insured* while that property is in the passenger compartment of *your car* or a *newly acquired car*.

CP at 118 (emphasis in original). The "Deciding Fault and Amount" section in the UIM policy provides,

> 1 a. The *insured* and [State Farm] must agree to the answers to the following two questions:
>
> (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle?*
>
> (2) If the answer to 1.a.(1) above is yes, then what is the amount of compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*.

CP at 119 (emphasis in original).

State Farm paid for the repairs to Kalles's Land Rover. However, State Farm declined to pay under the UIM coverage provisions for a car rental due to the loss of use of Kalles's vehicle while it was being repaired.

Kalles filed a complaint against State Farm based on a dispute over the diminished value of the vehicle and whether Kalles's UIM coverage included loss of use of his vehicle. Kalles filed a motion for partial summary judgment, arguing that loss of use was included in his UIM coverage. State Farm opposed the motion for partial summary judgment, arguing that loss of use was not covered property damage under Kalles's UIM policy. The superior court denied Kalles's motion for partial summary judgment.

2

No. 50827-3-II

The parties entered a stipulated order dismissing the action. Kalles appeals the superior court's order denying partial summary judgment on coverage for loss of use.[1]

ANALYSIS

Kalles argues that the superior court erred by denying his motion for partial summary judgment because loss of use is covered under the language of his UIM policy. Alternatively, Kalles argues that the UIM statute, RCW 48.22.030, requires that UIM policies cover loss of use. We agree that the superior court erred in denying Kalles motion for partial summary judgment.

We review an order granting summary judgment de novo. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52, 164 P.3d 454 (2007). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

Interpretation of an insurance contract is a question of law we review de novo. *Woo*, 161 Wn.2d at 52. We construe insurance policies as contracts. *Findlay v. United Pac. Ins. Co.*, 129 Wn.2d 368, 378, 917 P.2d 116 (1996). The insurance contract is construed as a whole, with the policy given a " 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.' " *Key Tronic Corp. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 124 Wn.2d 618, 627, 881 P.2d 201 (1994) (quoting *Queen City Farms, Inc.*

---

[1] The parties do not dispute the appealability of the superior court's order denying partial summary judgment. The superior court's order denying partial summary judgment effectively determined Kalles's right to pursue his claim for State Farm's refusal to pay for loss of use under the UIM policy. Accordingly, we review the superior court's partial summary judgment order as reviewable under RAP 2.2(a)(3) (a party may appeal "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents final judgment or discontinues the action.").

*v. Cent. Nat'l Ins. Co.*, 126 Wn.2d 50, 65, 882 P.2d 703, 891 P.2d 718 (1994)). Words in an insurance contract are given their ordinary, usual, and popular meaning unless the insurance contract, as a whole, clearly demonstrates contrary intent. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 504, 115 P.3d 262 (2005). We will harmonize clauses that seem to conflict in order to give effect to all the contract's provisions. *Nishikawa v. U.S. Eagle High, LLC*, 138 Wn. App. 841, 849, 158 P.3d 1265 (2007), *review denied*, 163 Wn.2d 1020 (2008).

A provision in an insurance contract is ambiguous only when "it is fairly susceptible to two different interpretations, both of which are reasonable." *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.*, 134 Wn.2d 413, 428, 951 P.2d 250 (1998). We will not construe an insurance contract provision as ambiguous simply because the provision is complex or confusing. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 734, 837 P.2d 1000 (1992). Any ambiguity is resolved against the insurer and in favor of the insured. *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874-75, 854 P.2d 622 (1993).

The issue here is whether the language in Kalles's UIM policy includes coverage for loss of use. We conclude that the policy language is ambiguous as to whether it covers loss of use and, therefore, should be interpreted in favor of Kalles.

Under the UIM policy language, State Farm is obligated to pay "compensatory damages for ***property damage***." CP at 119 (emphasis in original). Kalles argues the UIM insuring agreement should be read to " 'provide/include the same elements of damages that would be recoverable from the at-fault tortfeasor under Washington law' " and that " 'for property damage' " acts as triggering language rather than limiting language. Br. of App. at 11. We agree that

4

Kalles's interpretation is reasonable from the perspective of an average person purchasing insurance.

"Compensatory damages" means "damages awarded to make good or compensate for an injury sustained." MERRIAM-WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 463 (1961). "Compensatory damages" read together with the language "is legally entitled to recover from the owner or driver of an underinsured motor vehicle" would reasonably lead an average person purchasing insurance to believe that the policy covered all damages resulting from the property damage caused by the underinsured motorist—including loss of use. CP at 119. Therefore, the provision is at least ambiguous and must be interpreted in favor of the insured.

Kalles's interpretation is further supported by reading the UIM policy as a whole, including the "Deciding Fault and Amount" section of the policy. The "Deciding Fault and Amount" section provides,

> 1 a. The *insured* and [State Farm] must agree to the answers to the following two questions:
> (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle?*
> (2) If the answer to 1.a.(1) above is yes, then what is the amount of compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*?

CP at 119 (emphasis in original). Also, the policy defines an "insured" as "any person entitled to recover compensatory damages as a result of property damage of an insured." CP at 118. Reading these sections, along with the insuring agreement, would lead an average purchaser of insurance to fairly, reasonably construe the policy as providing coverage for the amounts he or she would be able to recover directly from the owner or driver of the uninsured vehicle. Therefore, Kalles's interpretation of the UIM policy is reasonable.

No. 50827-3-II

State Farm argues that the UIM policy provides coverage only for physical damage because "property damage is defined as physical damage to or destruction of the insured vehicle plus damaged contents." Br. of Resp. at 6. Even if State Farm's interpretation of the policy also is reasonable, the policy is ambiguous at best. Because the language of the UIM policy is ambiguous, it must be interpreted in favor of Kalles's to cover loss of use resulting from property damage caused by an uninsured/underinsured motorist. Therefore, the trial court erred by denying Kalles's motion for partial summary judgment.

We reverse the superior court's order denying partial summary judgment.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.

6