UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | No. 21-35093 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-01536-JLR Western District of Washington, Seattle |
| v. | |
| ANGELINA D. SLEE; THOMAS M. SLEE; ANTHONY SLEE, as power of attorney for Angelina D. Slee, | ORDER |
| Defendants-Appellants. | |

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Judges Bea, Bybee, and Christen have voted to deny the Petition for Rehearing. Judge Christen voted to deny, and Judges Bea and Bybee recommended denying, the Petition for Rehearing En Banc. The full court has been advised of the Petition for Rehearing En Banc, and no judge of the court has requested a vote.

Defendant-Appellant's Petition for Rehearing and Rehearing En Banc, filed May 25, 2022, is DENIED.

The memorandum disposition filed May 10, 2022 is amended to note that we review the grant of summary judgment de novo. The parties may not file another petition for rehearing or petition for rehearing en banc.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



TRANSAMERICA LIFE INSURANCE
COMPANY,

          Plaintiff-Appellee,

v.

ANGELINA D. SLEE; et al.,

          Defendants-Appellants.

No.   21-35093

D.C. No. 2:19-cv-01536-JLR

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 9, 2022[**]
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

The district court granted summary judgment in favor of Transamerica Life

Insurance Company. We review a grant of summary judgment de novo. *Lopez v.*

*Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Viewing the evidence in the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. *See id.*

The district court adopted the Magistrate Judge's report and recommendation, which determined that "the policy language unambiguously requires the insured to be in a nursing home licensed by the state in order to be entitled to benefits, that [the Slees] failed to prove their [assisted living facilities (ALFs)] met this requirement, and that Transamerica reasonably exercised its discretion in determining the ALFs did not 'substantially comply' with the policy definition of 'nursing home.'" From this determination, the Magistrate Judge determined that the Slees's Counterclaims failed as a matter of law. We affirm the district court's judgment.

The Slees's long-term care insurance policies provide that an insured can qualify for benefits in one of three ways: where treatment is (1) "Medically Necessary;" (2) required due to a "Cognitive Impairment;" or (3) required "because of [the insured's] inability to perform at least 2 of the 6 Activities of Daily Living." Once an insured has qualified for benefits, the Policy includes a "Nursing Home Benefit," which pays "the actual charges for confinement in a *Nursing Home*, up to the Maximum Daily Nursing Home Benefit shown in the Schedule for each day of a Nursing Home stay." To "qualify for the Nursing

Home Benefit," three conditions must be met: "(1) [The insured's] Physician must certify that [the insured's] treatment is Medically Appropriate; and (2) the care or services must be provided in a *Nursing Home*; and (3) the charges must be incurred while th[e] Policy is in force."

Under Washington contract law, if the "terms are defined in a policy, then the term must be interpreted in accordance with that policy definition," unless the policy violates public policy or a statute. *Kitsap v. Allstate Ins. Co.*, 136 Wash. 2d 567, 576 (Wash. 1998) (en banc); *see Findlay v. United Pacific Ins. Co.*, 129 Wash. 2d 368, 379 (Wash. 1996) (en banc) ("We have repeatedly held that an insurer, as a private contractor, is ordinarily permitted to limit its liability unless to do so would be inconsistent with public policy. When such public policy exists, it will ordinarily be found in a regulatory statute.").

The Slees contend that the policy's definition of nursing home violates Washington law, and that Transamerica must adopt the broader definition of nursing home found in the Washington code. Under their reading, that broader definition would include the ALFs to which the Slees were admitted. And from that definition, the rest of the Slees's arguments flow, *i.e.*, that Transamerica improperly denied coverage.

3

Nothing in the contract is inconsistent with Washington law. The policies expressly define a "nursing home," among other requirements, as "[a] facility, or that part of a facility which: is licensed by the state as a nursing home." The code distinguishes between nursing homes and ALFs. *See* Wash. Rev. Code § 18.51 et seq. (regulating nursing homes); Wash. Rev. Code § 18.20 et seq. (regulating assisted living facilities). Under the Washington code, ALFs are not permitted to act as nursing homes. *See* Wash. Rev. Code § 18.20.160 ("No person operating a[] [licensed ALF] . . . shall admit to or retain in the [ALF] any aged person requiring nursing or medical care of a type provided by institutions licensed under chapter[ ] 18.51 [Nursing Homes.]"). Thus, the core of the Slees's argument—that the policy's definition of "nursing home" is contrary to Washington law—is incorrect.

Because we agree that the district court correctly interpreted the statutes and the insurance policy, we agree that the Slees's counterclaims fail as a matter of law.

The district court's judgment is affirmed.

**AFFIRMED**