Coos
No. 2002-105

BILL O. WEEKS

v.

CO-OPERATIVE INSURANCE COMPANIES

Argued: January 8, 2003
Opinion Issued: February 19, 2003

*Hall, Hess, Stewart, Murphy & Brown, P.A.,* of Manchester (*John B. Kenison, Jr.* on the brief and orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Andrew D. Dunn* and *James R. Fox* on the brief, and *Mr. Fox* orally), for the defendant.

BRODERICK, J. The defendant, Co-Operative Insurance Companies, appeals the decision of the Superior Court (*Smith,* J.) granting summary judgment in favor of the plaintiff, Bill O. Weeks. We reverse.

The following facts are undisputed. The plaintiff owns property in Whitefield, on which a four-story brick and timber frame structure is located. In the 1940s or 1950s, a brick veneer wall was built over the existing asphalt shingle wall on one side of the building. In March 2000, the brick veneer wall was damaged when it separated from the asphalt shingle wall. The property was insured by a business owner's insurance policy issued by the defendant. The plaintiff filed a claim, which the defendant denied after its expert determined that the cause of the wall separation was negligent workmanship. Subsequently, the plaintiff retained his own expert, who also attributed the damage to faulty workmanship.

The insurance policy at issue insures against "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." The policy defines covered cause of loss as "Risks Of Direct Physical Loss unless the loss is: a. Excluded in Section B., Exclusions; or b. Limited in Paragraph A.4., Limitations." Section B of the policy provides, in pertinent part:

We will not pay for loss or damage caused by or resulting from any of the following .... *But if an excluded cause of loss that is listed [below] results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.*

. . . .

c. Negligent Work

Faulty, inadequate or defective:

. . .

(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

. . .

of part or all of any property on or off the described premises.

(Emphasis added.) Section B further provides:

We will not pay for loss or damage caused by or resulting from any of the following:

. . . .

k. Other Types Of Loss

. . .

(2) Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

. . .

(4) Settling, cracking, shrinking or expansion;

. . . .

But if an excluded cause of loss that is listed [above] results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

In September 2000, the plaintiff brought a declaratory judgment action in superior court challenging the defendant's denial of coverage and, thereafter, moved for summary judgment. The defendant countered with its own motion for summary judgment. The defendant argued that the loss is excluded from coverage under two of the policy's provisions: the "negligent work" exclusion and the "other types of loss" exclusion. The plaintiff argued that the loss is covered under the exception to the negligent work exclusion. He contended that although negligent workmanship is not covered, the physical damage to his property resulting from negligent workmanship is covered. Alternatively, he argued that the policy language is ambiguous and, therefore, must be construed in his favor.

The trial court found an ambiguity in the policy's language and granted summary judgment in the plaintiff's favor, ruling that the defendant was not required to cover the faulty workmanship itself, but was required to cover the damages caused by the faulty workmanship. The court further

determined that the "other types of loss" clause did not apply because the parties' experts agreed that the dominant and efficient cause of the loss was the negligent workmanship. Following a hearing on damages, the court ruled that the scope of coverage included the "bowing" of the brick veneer, the replacement of the affected windows, and the damage to the roof.

On appeal, the defendant argues that the trial court erred because: (1) the "negligent work" exclusion bars coverage; (2) the "other types of loss" exclusion bars coverage; and (3) the policy does not provide coverage because the damage was merely a manifestation of the negligent work.

In acting upon a motion for summary judgment, the trial court is required to construe the pleadings, discovery and affidavits in the light most favorable to the non-moving party to determine whether the proponent has established the absence of a dispute over any material fact and the right to judgment as a matter of law. *Panciocco v. Lawyers Title Ins. Corp.*, 147 N.H. 610, 613 (2002). The party objecting to a motion for summary judgment "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or by reference to depositions, answers to interrogatories, or admissions, must set forth specific facts showing that there is a genuine issue [of material fact] for trial." RSA 491:8-a, IV (1997). An issue of fact is material if it affects the outcome of the litigation. *Panciocco*, 147 N.H. at 613.

To determine whether the trial court erred in granting the plaintiff's motion, we consider the affidavits and other evidence, as well as all proper inferences therefrom, in the light most favorable to the defendant. *See id.* If we find no genuine issue of material fact and that the plaintiff was entitled to judgment as a matter of law, we will affirm the trial court's decision. *Id.*

The interpretation of the language of an insurance policy is ultimately a question of law for this court to decide. *High Country Assocs. v. N.H. Ins. Co.*, 139 N.H. 39, 41 (1994). We take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole. *Id.* If the language of the policy reasonably may be interpreted more than one way and one interpretation favors coverage, then an ambiguity exists in the policy that will be construed in favor of the insured and against the insurer. *Id.* We will not, however, perform amazing feats of linguistic gymnastics to find a term ambiguous. *Hudson v. Farm Family Mut. Ins. Co.*, 142 N.H. 144, 147 (1997).

Both parties agree that faulty workmanship was the dominant and efficient cause of the damage to the plaintiff's building. Loss or damage

caused by or resulting from faulty workmanship is excluded from coverage under the policy's negligent work exclusion unless the faulty workmanship results in a covered cause of loss, in which case the defendant will provide coverage for the loss or damage caused by that covered cause of loss. The question thus becomes whether a covered cause of loss ensued.

The defendant argues that the exception to the exclusion does not apply here because the damage was directly caused by faulty workmanship and no other cause of loss ensued. The plaintiff counters that the exception abrogates the exclusion when the excluded cause of loss results in direct physical harm. He argues that, although no coverage exists for the cost of correcting the faulty workmanship, the exception to the exclusion reinstates coverage for damage caused by the faulty workmanship. Thus, he contends that in this case the exception to the exclusion for faulty workmanship is triggered by the direct physical loss to his building.

The plaintiff further argues that even if the policy could be read as not providing coverage for the resulting physical damage, the provisions in question are ambiguous and therefore must be construed in his favor. He contends that the term "covered cause of loss" is ambiguous in relation to faulty workmanship because the parties reasonably disagree over its meaning. He asserts that the term can reasonably be interpreted to mean, in this case, "damages caused as a result of [faulty] workmanship."

"We interpret the ensuing loss provision to apply to the situation where there is a 'peril,' i.e., a hazard or occurrence which causes a loss or injury, *separate* and *independent* but resulting from the original excluded peril, and this new peril is not an excluded one, from which loss ensues." *Acme Galvanizing v. Fireman's Fund Ins.*, 270 Cal. Rptr. 405, 411 (Ct. App. 1990). Thus, the exception to the exclusion operates to restore coverage if the damage ensues from a covered cause of loss. "Reasonably interpreted, the ensuing loss clause says that if one of the specified uncovered events takes place, any ensuing loss which is otherwise covered by the policy will remain covered. The uncovered event itself, however, is never covered." *McDonald v. State Farm Fire and Cas. Co.*, 837 P.2d 1000, 1005 (Wash. 1992). Accordingly, coverage will be reinstated under the exception to the exclusion when an excluded risk sets into motion a chain of causation which leads to a covered cause of loss. In that case, the policy insures against damage directly caused by the ensuing covered cause of loss.

Here, there was no subsequent ensuing cause of loss separate and independent from the initial excluded cause of loss, *i.e.*, the faulty workmanship. Therefore, we conclude that the exception to the exclusion for faulty workmanship does not apply. We further conclude that the plaintiff's interpretation of the policy's language is not reasonable given its

context. Essentially he argues that any damage caused by faulty workmanship is covered under the policy. Interpreting the policy in this way contravenes the explicit language of the policy and renders the negligent work exclusion meaningless, a result which we conclude is not reasonable. Therefore, we find that the provisions at issue are not ambiguous.

We hold that the policy's negligent work exclusion bars coverage in this case. Accordingly, we need not address the defendant's remaining arguments.

*Reversed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.