**MID–CONTINENT CASUALTY COMPANY, an Oklahoma corporation,
Plaintiff—Appellee,**

v.

**TITAN CONSTRUCTION CORPORATION, a Washington corporation,
Defendant—Appellant.**

No. 06–35977.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed June 9, 2008.

J. Scott Miller, Esq., Spokane, WA, for Plaintiff–Appellee.

Jeffrey D. Laveson, Esq., Donald J. Verfurth, Esq., Linda B. Clapman, Esq., Carney Badley Spellman, PS, Seattle, WA, for Defendant–Appellant.

Before: THOMPSON, W. FLETCHER, and M. SMITH, Circuit Judges.

MEMORANDUM [*]

Titan Construction Corporation (Titan) appeals the grant of a motion for summary judgment in favor of Mid–Continent Casu-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alty Company (Mid–Continent) in a declaratory action for the determination of Mid–Continent's duty to indemnify Titan under a Commercial General Liability (CGL) policy. Because the facts are familiar to the parties, we do not recite them here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

■ We first address Mid–Continent's motion to dismiss Titan under Federal Rule of Civil Procedure 25 or substitute National Union Fire Insurance Company (National Union) as the real party in interest under Federal Rule of Appellate Procedure 43. At oral argument, counsel for Titan explained that in the underlying suit that gave rise to this declaratory action, Williamsburg Condominium Association (Williamsburg) sued Kennydale, which in turn brought a third party complaint against Titan. When Kennydale settled the suit with Williamsburg, National Union, as insurer for Kennydale, paid both Kennydale and Titan's liability. Titan and Kennydale subsequently settled their dispute, and Titan assigned its claims against Mid–Continent to Kennydale. The stipulation between National Union and Mid–Continent in this suit attempted to dismiss National Union's claims against Mid–Continent arising under insurance policies issued to Titan and did not extinguish National Union's claims under its policies issued to Kennydale. Under the circumstances, we see no reason to substitute Titan, the nominal party, with National Union pursuant to Federal Rule of Appellate Procedure 43(b). Federal Rules of Civil Procedure 17 and 25 govern the district courts and do not apply on appeal. Fed.R.Civ.P. 1; Fed. R.App. P. 1. We therefore deny Mid–Continent's motion to dismiss or substitute parties.

Turning now to the merits, we first consider whether coverage exists under the CGL policy and then consider the applicability of relevant exclusions. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wash.2d 724, 837 P.2d 1000, 1003–04 (1992). Interpretation of an insurance contract is a matter of law reviewed de novo, if there are no relevant facts in dispute. *Id.* at 1003.

■ The CGL policy, in relevant part, covers "property damage" that occurs during the policy period and caused by an "occurrence." Under Washington law, an "occurrence" includes the "deliberate manufacture of a product which inadvertently is mismanufactured." *Yakima Cement Prods. Co. v. Great Am. Ins. Co.*, 93 Wash.2d 210, 608 P.2d 254, 257 (1980); *accord Dewitt Constr. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127 (9th Cir.2002). Absent any allegation that the substandard construction in this case resulted from an intentional breach of contract by Titan, we conclude that the negligent construction of the Williamsburg project that resulted in breach of contract and breach of warranty claims constituted an "occurrence."

Mid–Continent contends that even if an occurrence exists under the CGL policy, exclusions apply to preclude coverage. We address the applicability of the exclusions to the extent the record before us allows us to do so conclusively; we remand to the district court for consideration in the first instance of the remaining exclusions.

■ Exclusion 2(k) excluding damage to "your product" does not apply. "Your product" is defined, in part, as "[a]ny goods or products, *other than real property,* manufactured, sold, handled, distributed or disposed by (a) You . . . ." (emphasis added). Since "real property" is not defined in the CGL, we adopt the common meaning of the term, "land and anything growing on, attached to, or erected on it, excluding anything that may be severed

without injury to the land," which includes buildings such as the Williamsburg condominium project. *Black's Law Dictionary* 1254 (8th ed.2004). Washington courts have previously held that a building is a "product" for the purposes of a product exclusion, citing policy preferences against interpreting a CGL policy to be a form of performance bond. *E.g., Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr. Inc.*, 123 Wash.App. 728, 97 P.3d 751, 754–55 (2004). The CGL policy before us, however, unlike the policies cited in those cases, expressly excepts "real property" from the definition of "product," and the plain language of the policy controls.

■ Exclusion 2(*l*), which excludes damage to "your work" also does not apply. The exclusion specifically excepts work performed on Titan's behalf by a subcontractor. The parties do not contest that all work was performed by Titan's subcontractors.

For the foregoing reasons, the district court's grant of summary judgment is reversed, and the case is remanded for further proceedings concerning the applicability of the remaining exclusions.

The motion by plaintiff-appellee Mid-Continent Casualty Co. to either (a) dismiss under Federal Rule of Civil Procedure 25 or (b) substitute parties under Federal Rule of Appellate Procedure 43 is DENIED.

REVERSED AND REMANDED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.