**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY, | No. 09-36105 |
| Plaintiff, | D.C. No. 2:08-cv-01670-JLR |
| v. | |
| SEATTLE COLLISION CENTER INC; TODD M. SULLIVAN; KAREN SULLIVAN, | MEMORANDUM[*] |
| Defendants-third-party-plaintiffs - Appellants, | |
| v. | |
| AMERICAN STATES INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA, | |
| Third-party-defendant - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 4, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and EZRA, District Judge.[**]

Seattle Collision Center Inc. and its principal owners, Todd and Karen Sullivan (collectively "SCC"), appeal the district court's judgment granting in part and denying in part the motion for summary judgment brought by third-party defendants American States Insurance Company and Safeco Insurance Company of America (collectively "Safeco"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

Contrary to SCC's assertion, the district court had the power to exercise supplemental jurisdiction, even though it had resolved the claims over which it had original jurisdiction. 28 U.S.C. § 1367(a). Therefore, retaining supplemental jurisdiction in this case was a proper exercise of discretion by the district court. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

II

The district court properly granted summary judgment on SCC's claims. "The duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

within the policy's coverage." *Am. Best Foods, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404-05, 229 P.3d 693, 696 (Wash. 2010) (quotations omitted). The facts alleged in the underlying complaint do not give rise to a duty to defend. The allegations arise solely out of violations of Washington's Model Toxics Control Act and only claim past and future remedial action costs associated with traditional environmental pollution. Safeco's pollution exclusion clauses, as interpreted under Washington law, clearly and unambiguously exclude liability for such traditional environmental harms. *Kent Farms, Inc. v. Zurich Ins. Co.*, 140 Wn.2d 396, 400-02, 998 P.2d 292, 295-96 (Wash. 2000).

## III

The district court did not improperly allocate the burden of proof. *McDonald v. State Farm Fire and Cas. Co.*, 119 Wn.2d 724, 731, 837 P.2d 1000, 1003-05 (Wash. 1992). It did not abuse its discretion in striking the sur-reply brief. SCC has had a full opportunity to present its arguments to us on the merits.

**AFFIRMED.**