NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COWICHE GROWERS, INC., a Washington corporation, | No. 10-36072 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03093-RMP |
| v. | MEMORANDUM[*] |
| CONTINENTAL CASUALTY COMPANY, a foreign insurance company, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Submitted August 30, 2011[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cowiche Growers, Inc. ("Cowiche") appeals from the district court's grant of summary judgment in favor of Continental Casualty Co. ("Continental") in this "boiler and machinery" insurance coverage dispute. We affirm.

The district court properly granted summary judgment to Continental because the policy did not provide coverage for the type of incident which occurred here, which did not satisfy the policy definition of "breakdown." Although Cowiche tries to create an ambiguity based on differing definitions of "breakdown" in the original contract and an endorsement, the original definition was unambiguously "deleted and replaced in its entirety" by the language of the endorsement. The endorsement defines "breakdown" as a "sudden and accidental direct physical loss *to Covered Equipment*, which manifests itself by physical damage, necessitating its repair or replacement." Cowiche's proofs did not raise a triable issue that such "breakdown" occurred. *See McDonald v. State Farm Fire and Cas. Co.*, 837 P.2d 1000, 1003-04 (Wash. 1992) ("The insured must show the loss falls within the scope of the policy's insured losses.").[1]

---

[1] Cowiche argues that the apples suffered "physical damage," but it is clear from the context that the endorsement is referring to physical damage to the Covered Equipment "necessitating its repair or replacement." The endorsement is not "fairly susceptible" to Cowiche's interpretation, and the policy is therefore not ambiguous. *See Lynott v. Nat'l Union Fire Ins. Co.*, 871 P.2d 146, 152 (Wash. 1994) (quoting *McDonald*, 837 P.2d at 1004).

Moreover, both the original definition *and* the endorsement specifically recite that a "breakdown" does *not* include "leakage at any valve, fitting, shaft seal, gland packing, joint or connection" in the grant of coverage. Such limited grant of coverage alternatively precludes any claim in this case, as Cowiche consistently describes the incident as a "leak" from the "connection" (gasket) between the refrigerant piping and the new valve.

Because there is no coverage under the policy, the remaining issues presented for review are moot. *See, e.g.*, *Shields v. Enter. Leasing Co.*, 161 P.3d 1068, 1074 (Wash. App. 2008) ("A reasonable basis for denial of an insured's claim constitutes a complete defense to any claim that the insurer acted in bad faith or in violation of the Consumer Protection Act.") (internal citation and quotation omitted).

**AFFIRMED**.