[No. 41279-9-II.   Division Two.   October 30, 2012.]

TERESA SCHMIDT, *Respondent*, v. TIMOTHY P. COOGAN ET AL.,
*Appellants*.

*Paul A. Lindenmuth* (of *Ben F. Barcus & Associates PLLC*), for appellants.

*Dan'L W. Bridges* (of *McGaughey Bridges Dunlap PLLC*) and *Daniel T. Satterberg, Prosecuting Attorney for King County*, and *Christopher A. J. Wong, Deputy*, for respondent.

¶1 JOHANSON, A.C.J. — In 1995, Teresa Schmidt was injured when she slipped and fell at a Tacoma grocery store. She retained attorney Timothy P. Coogan to handle her personal injury suit against the grocery store, but Coogan failed to file Schmidt's suit before its statute of limitations expired. Schmidt sued Coogan, and a jury found Coogan liable for malpractice. On appeal, we affirmed the trial court's order granting a new trial to determine damages only. At the damages-only trial, a jury awarded Schmidt damages, and Coogan now appeals various trial court rulings, including its denial of his CR 50 motion for judgment as a matter of law, because Schmidt failed to prove collectibility at trial. Schmidt never proved collectibility, an essential component of damages in a legal malpractice claim, so we reverse the trial court's denial of Coogan's CR 50 motion as a matter of law because there was insufficient evidence to support the jury's verdict. We remand for dismissal of Schmidt's action and need not address Coogan's other claims on appeal.

¶2 Schmidt cross appeals (1) the trial court's denial of her motion to amend her complaint and (2) its denial of her motion to seek general damages. First, we do not address availability of general damages because, absent proof of collectibility, Schmidt cannot collect any damages. Second, the trial court did not abuse its discretion in denying Schmidt's motion to amend her complaint because she sought amendment only after an undue delay and an amended complaint would have worked an undue hardship on Coogan's defense. Accordingly, we affirm the trial court actions that Schmidt challenges on cross appeal.

## FACTS

¶3 On December 23, 1995, Schmidt slipped and fell at a Tacoma grocery store. On January 8, 1996, Coogan agreed to represent Schmidt in her slip-and-fall tort case. Coogan failed to properly perfect Schmidt's tort claim within the statute of limitations, and Schmidt sued Coogan and his associates, alleging legal malpractice. Schmidt filed her suit on November 3, 2000, claiming negligence and breach of contract. The case finally went to trial in November 2003, and a jury entered a verdict against Coogan for $32,000 in past economic damages and $180,500 for noneconomic damages. Coogan filed a series of posttrial motions, and the trial court granted his motion "for a new trial on the issues of Damages Only." Clerk's Papers (CP) at 27. Schmidt appealed, and we issued an unpublished opinion affirming the trial court's "grant of a new trial on damages." *Schmidt v. Coogan*, noted at 145 Wn. App. 1030, 2008 Wash. App. LEXIS 1695, at *2. Schmidt's trial against Coogan to determine damages was set for August 2010.

¶4 In March 2010 Schmidt sought to amend, under CR 15, her complaint against Coogan. She sought to add a cause of action for outrage/reckless infliction of emotional distress against Coogan. The trial court denied this motion because it deemed the motion untimely. Then in May 2010, Schmidt filed motion for summary judgment, asking the trial court to determine whether she could pursue general damages. The trial court denied this motion as well. Before the damages-only trial, both parties filed motions in limine. Schmidt pursued general damages, and Coogan sought to prevent Schmidt from obtaining general damages and to confine her damages award to the amount originally collectible from the grocery store. In support of his motions in limine, Coogan filed an article that detailed a plaintiff's need to prove collectibility in a legal malpractice action. And while arguing this motion, Coogan alluded to collectibility: "The only issues remaining in this case under case-within-a-case theories is

simply what—if Mr. Coogan had done his job successfully, what would [Schmidt] have gotten in her claim against the [the grocery store]." Verbatim Report of Proceedings (VRP) (Aug. 20, 2010) at 21.

¶5 After Schmidt rested her case in the damages trial, Coogan filed a CR 50 motion for a judgment as a matter of law, asserting, among other things, that Schmidt failed to present any evidence that had Coogan originally filed this case within the statute of limitations and won a jury verdict, the verdict would have been collectible.[1] Coogan stated:

> There has been no evidence presented in this case, none whatsoever, as to whether or not even if Mr. Coogan had handled this case right, even if Mr. Coogan had taken it to a jury trial and got a verdict for Ms. Schmidt that that verdict would have been collectible. That is an essential element of their case, they put on no proof; therefore, dismissal is warranted.

3 VRP at 504. Schmidt responded to Coogan's motion:

> I think what the argument of defendant ignores is that the issue of malpractice or negligence has already been tried, and that if this issue was to have any merit, or to be argued, or when it should have been argued was at the first trial. If Ms. Schmidt could not have demonstrated that any judgment would have been collectible, that would have been a liability defense. It's not an issue of quantum of damages and people often ignore this. You can have liability and be liable but there'd be no damages. That's a fine result. Or you could have damage, but no proximate cause and, therefore, no liability.
>
> . . . .
>
> The first trial established and I think, I hope, and I've heard defendant argue this many times already, this is a damages only trial. Division II has already indicated duty, breach, proximate cause. That's what the first trial established. Now

---

[1] In this context, "collectibility" refers to Schmidt proving that the owners of the grocery store had assets from which Schmidt could have collected her jury verdict award.

we are only here to talk about the damages Ms. Schmidt sustained.

. . . .

To inject a new element at this time, which frankly has already been tried and resolved, would itself be an ambush even if it were a proper argument to make, and it's simply not a proper argument to make in the first place.

3 VRP at 505-06. The trial court denied this motion, finding that Coogan should have raised questions of collectibility at the first trial, not at this damages-only trial:

The motion is denied. The element of proximate cause with regard to damages will be an instruction given to this jury. . . . I believe it is a fine line, however, this case is not about any element of malpractice other than damages and proximate cause as it relates to damages.

If there was a question as to collectibility, that should have been addressed at the first trial. This trial is about damages only.

3 VRP at 508.

¶6 On August 27, 2010, the jury ultimately awarded Schmidt $3,733.16 in past economic damages and $80,000.00 in noneconomic damages. Coogan filed a motion under CR 50 and/or CR 59 for judgment as a matter of law and/or a new trial, and he again claimed that Schmidt failed to establish collectibility.[2] The trial court ultimately denied Coogan's motion without issuing findings of fact or conclusions of law.

---

[2] Specifically, Coogan argued,

There was no evidence submitted regarding the financial wherewithal of the owner of the [grocery store] at the time of Ms. Schmidt's slip and fall. There was no evidence regarding what insurances were in place at the time in question, and it simply would be rankly speculative just to assume that the [grocery store], a discount store, which apparently had changed hands a number of times between the years 1995 and 1998, necessarily had all available insurance coverages in place.

CP at 1334-35 (emphasis omitted). Schmidt responded, asserting that Coogan's arguments failed as a matter of law because the first trial determined all the elements of liability, including proximate cause:

¶7 Coogan now appeals, on various grounds, the trial court's denial of his CR 50 motion for judgment as a matter of law and his CR 50 and/or CR 59 motion for a new trial. Schmidt cross appeals the trial court's denial of her motion to amend her complaint and its denial of her motion to include a jury instruction on general damages arising from legal malpractice.

## ANALYSIS

### I. DENIAL OF MOTION FOR JUDGMENT AS A MATTER OF LAW

¶8 Coogan first argues that the trial court improperly denied his CR 50 motion for a judgment as a matter of law because Schmidt failed to establish collectibility, a necessary element of damages in a legal malpractice claim. We agree.

¶9 Judgment as a matter of law is appropriate where a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on a specific issue. *See* CR 50(a). We review de novo a trial court's ruling on a CR 50 motion for judgment as a matter of law, applying the same standard as the trial court. *Goodman v. Goodman*, 128 Wn.2d 366, 371, 907 P.2d 290 (1995).

### II. COLLECTIBILITY

¶10 Coogan argues that Schmidt failed to establish the essential element of collectibility that he contends is neces-

Division Two was clear that the retrial was limited to determining Ms. Schmidt's damage—not to allow defendant to reopen a basic liability element by contesting the basic prong of proximate cause. If Division Two intended defendant to be able to argue an element of liability itself, that would have required the court to specifically say that only "duty and breach" had been determined, with a remand to determine both proximate cause and damage. Division Two clearly did not do that, saying only that it was ordering a "new trial on damages."

CP at 1716-17.

sary for Schmidt's damages claim. Because collectibility is a component in determining legal malpractice damages and Schmidt failed to prove collectibility at trial, the trial court improperly denied his CR 50 motion for judgment as a matter of law.

¶11 As an initial matter, we must decide whether Coogan preserved this issue for appeal. Coogan did not challenge Schmidt's failure to prove collectibility at the first trial. Instead he raised this issue during the damages-only trial.[3] But because this second trial involved damages only and collectibility is a "component of damages in a legal malpractice action," Coogan validly pursued his collectibility challenge during the second trial. *Matson v. Weidenkopf*, 101 Wn. App. 472, 484, 3 P.3d 805 (2000). Accordingly, Coogan validly raises this issue on appeal and we will consider the merits of his claim.

¶12 The measure of damages for legal malpractice is the amount of loss actually sustained as a proximate result of the attorney's conduct. *Matson*, 101 Wn. App. at 484. And collectibility of the underlying judgment is a "component of damages in a legal malpractice action." *Matson*, 101 Wn. App. at 484. Courts consider collectibility of the underlying judgment to prevent the plaintiff from receiving a windfall because it would be inequitable for the plaintiff to be able to obtain a greater judgment against the attorney than the judgment that the plaintiff could have collected from the third party. *Matson*, 101 Wn. App. at 484.

¶13 Here, Schmidt did not prove collectibility at the first trial. Then, the trial court granted Coogan's motion

---

[3] At oral argument, the parties agreed that Coogan raised the collectibility issue before the damages-only trial. In his pretrial motions in limine at the damages-only trial, Coogan argued that Schmidt could pursue only the damages that she would have collected against the grocery store had Coogan successfully prosecuted her original claim. Coogan also attached to his reply to Schmidt's response to Coogan's motions in limine a lengthy article detailing the need for a plaintiff to prove collectibility in legal malpractice actions. Then, in his CR 50 motion, Coogan asserted that collectibility "is an issue here that I raised [pretrial]." 3 VRP at 503. Thus, Coogan did not "ambush" Schmidt by waiting to raise this issue until it was too late for Schmidt to present evidence of collectibility. 3 VRP at 506.

for a new trial "on the issues of Damages Only." CP at 27. Schmidt did not prove collectibility at the damages-only trial, and Coogan challenged Schmidt's failure to prove collectibility in a CR 50 motion for judgment as a matter of law. The trial court denied Coogan's motion, determining that collectibility was not at issue in the damages-only trial. But collectibility *was* at issue because collectibility is a "component of damages in a legal malpractice action." *Matson*, 101 Wn. App. at 484. Accordingly, Schmidt needed to prove collectibility at trial and failed to do so.

¶14 Schmidt argues that two pieces of evidence established collectibility. First, she states that she "testified the grocery store was a large, busy going concern." Br. of Resp't at 9. Second, she asserts that five photographs, apparently showing the shampoo aisle inside the grocery store, demonstrate the grocery store's solvency and the collectibility of a judgment. Schmidt's evidence, however, does not prove collectibility.

¶15 *Matson* demonstrates the required showing of judgment collectibility in legal malpractice claims. The Matsons retained attorney Jerry Weidenkopf to assist them in collecting on three promissory notes executed by the Shafers. *Matson*, 101 Wn. App. at 474. But Weidenkopf took no action to recover on the notes, and the statute of limitations ran. *Matson*, 101 Wn. App. at 474. The Matsons sued Weidenkopf for legal malpractice and were awarded the full amount on the notes, plus interest accrued through the expiration of the statute of limitations. *Matson*, 101 Wn. App. at 474. Weidenkopf appealed, challenging the award of damages and arguing that the collectible damages included the amount the Matsons could have collected before the statute of limitations ran. *Matson*, 101 Wn. App. at 484. We held that collectibility of an underlying judgment is a component of damages in a legal malpractice action and that the Matsons presented sufficient evidence to support a finding that they could have collected on a judgment against the Shafers. *Matson*, 101 Wn. App. at 484.

¶16 Evidence in *Matson* related to collectibility included the testimony of Julie Schafer, who stated that she worked continuously during the relevant time period, earning between $35,000 and $55,000 over that time. *Matson*, 101 Wn. App. at 485. She also possessed between $10,000 and $12,000 in savings. *Matson*, 101 Wn. App. at 485. Finally, she testified that she would have tried to pay a legal obligation to the Matsons. *Matson*, 101 Wn. App. at 485.

¶17 Unlike *Matson*, where the record contained sufficient evidence showing that the Matsons could have collected the judgment, Schmidt submitted just five photos of the grocery store's shampoo aisle and offered a blanket statement that her observation was that the grocery store's business was bustling. Given the dearth of evidence proving collectibility of a judgment against the grocery store—an essential component in determining damages in Schmidt's legal malpractice action against Coogan—the trial court erred in denying Coogan's motion for judgment as a matter of law because Schmidt presented insufficient evidence establishing the grocery store's collectibility. *See Matson*, 101 Wn. App. at 484.

¶18 Accordingly, we reverse the trial court's denial of Coogan's CR 50 motion for judgment as a matter of law, remand for dismissal of Schmidt's claim, and decline to consider the other issues Coogan raised on appeal.

### III. Schmidt's Cross Appeal

¶19 Schmidt cross appeals the trial court's denial of her motion to amend her complaint and its denial of her motion to seek general damages arising out of legal malpractice. We need not address the general damages issue because, absent proof of collectibility, Schmidt cannot collect any damages, including general damages. Also, the trial court did not abuse its discretion in denying Schmidt's motion to amend her complaint because she sought to amend the complaint only after an undue delay and an amended

complaint would have worked an undue hardship on Coogan's defense.

¶20  We review a denial of a plaintiff's motion for leave to amend a complaint for a manifest abuse of discretion. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 737, 837 P.2d 1000 (1992). Undue delay, which works a hardship or prejudice on an opposing party, constitutes sufficient reason for denial of leave to amend. *Appliance Buyers Credit Corp. v. Upton*, 65 Wn.2d 793, 800, 399 P.2d 587 (1965). And hardship sufficient to deny a motion to amend includes the need to find and disclose new witnesses and experts, the need to reformulate defense strategies, and the disruptions of an already set case schedule. *See Donald B. Murphy Contractors, Inc. v. King County*, 112 Wn. App. 192, 199-200, 49 P.3d 912 (2002).

¶21  In March 2010, Schmidt sought to amend her complaint to include a cause of action against Coogan for outrage/reckless infliction of emotional distress. The trial court, however, denied this motion. Schmidt proposed her amendment well over a decade after the alleged infliction of emotional distress occurred, and well after the first trial established Coogan's liability for negligence in failing to comply with the statute of limitations relating to Schmidt's slip and fall. Accordingly, raising a new claim against Coogan in March 2010 constituted an undue delay and would have broadened the trial's scope and forced Coogan to reformulate his defense strategies. Therefore, the trial court did not abuse its discretion in denying Schmidt's motion to amend her complaint. *See Appliance Buyers*, 65 Wn.2d at 800; *Murphy Contractors*, 112 Wn. App. at 199-200.

¶22  We affirm the trial court actions Schmidt challenges on cross appeal and deny her request to sanction Coogan

under CR 11. We also deny Schmidt's request for attorney fees because she is not a substantially prevailing party.

QUINN-BRINTNALL and PENOYAR, JJ., concur.

Review granted at 177 Wn.2d 1019 (2013).