**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

METROPOLITAN PROPERTY &
CASUALTY INSURANCE COMPANY,

Plaintiff-Appellee,

v.

KENNETH VICTOR NIETO,

Defendant,

and

JOSH PEMBERTON,

Defendant-Appellant.

No. 14-35565

D.C. No. 3:13-cv-05805-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 7, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Josh Pemberton appeals from the entry of summary judgment in favor of Metropolitan Property and Casualty in this insurance coverage dispute. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that Metropolitan had no duty to defend or indemnify Karen and Kenneth Nieto because their liability did not arise from an "occurrence" as defined in the policy. Pemberton's injuries did not result from an "accident" because Karen and Kenneth Nieto each engaged in deliberate acts and the injuries were a reasonably foreseeable result of those acts, *see Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499, 509 (Wash. 1992); *Grange Ins. Ass'n v. Roberts*, 320 P.3d 77, 87 (Wash. Ct. App. 2013), regardless whether the Nietos subjectively intended to injure Pemberton, *see Butler*, 823 P.2d at 510; *United Servs. Auto. Ass'n v. Speed*, 317 P.3d 532, 540 (Wash. Ct. App. 2014).

Because his injuries did not result from an "accident," Pemberton cannot establish that "the loss falls within the scope of the policy's insured losses." *Moeller v. Farmers Ins. Co. of Wash.*, 267 P.3d 998, 1001 (Wash. 2011) (quoting *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1003–04 (Wash. 1992)). Summary judgment was therefore proper.

**AFFIRMED.**