**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL KAUFMAN; LISA KAUFMAN, a married couple,

Plaintiffs-Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurer,

Defendant-Appellee.

No.  23-35424

D.C. No. 2:22-cv-00539-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted July 12, 2024
Seattle, Washington

Before:  McKEOWN, CLIFTON, and DE ALBA, Circuit Judges.

Plaintiffs-Appellants Michael and Lisa Kaufman ("the Kaufmans") appeal a

grant of summary judgment for Defendant-Appellee State Farm Fire and Casualty

Company ("State Farm") on claims of breach of contract and violations of the duty

of good faith, the Washington Consumer Protection Act ("CPA"), and the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Washington Insurance Fair Conduct Act ("IFCA"). Because the parties are familiar with the facts, procedural history, and arguments, we do not recount them here. We affirm.

1. The district court did not abuse its discretion by considering a declaration from State Farm's engineering expert that State Farm attached to its cross-motion for summary judgment. This declaration did not ambush the Kaufmans with a new expert opinion on the probable causes of their water damage where State Farm had timely: (i) disclosed that their engineering expert would testify to "opinions and conclusions as to the possible cause(s)" of the Kaufmans' loss; and (ii) turned over the investigative reports documenting the opinions and conclusions of that expert. The expert's supplemental investigative report can reasonably be read to contain the conclusions that the Kaufmans maintain was new expert opinion in the declaration. The Kaufmans had sufficient notice to depose the expert on the exact perimeters of his investigative conclusions and attendant testimony but did not do so. Finally, the expert declaration is relevant to the Kaufmans' breach of contract claim because Washington has rejected "coverage by estoppel." *See Coventry Assocs. v. Am. States Ins. Co.*, 961 P.2d 933, 939–40 (Wash. 1998).

2. The district court properly granted summary judgment against the Kaufmans on their breach of contract claim. Washington's "efficient proximate

23-35424

cause" rule precludes insurers from denying coverage "whe[n] an insured risk . . . sets into operation a chain of causation in which the last step may have been an excepted risk." *Hill & Stout PLLC v. Mut. of Enumclaw Ins. Co.*, 515 P.3d 525, 535 (Wash. 2022) (quoting *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1004 (Wash. 1992)). However, this rule does not require insurers to identify the singular cause of a loss where all possible causes—determined by the insurer's reasonable investigation—are excluded risks. State Farm's engineering expert declared that the chances are "*de minimis*" that something other than improper compaction or differential earth movement caused the Kaufmans' loss, and the Kaufmans have offered no competing expert, evidence, facts, or explanations to rebut this assertion. There is, accordingly, no issue of fact as to the range of possible causes of the Kaufmans' loss.

Both "improper compaction" and "earth movement" are "Losses Not Insured" under the Kaufmans' policy with State Farm. Even accepting arguendo that the "improper compaction" exclusion is subject to an ensuing loss provision, the "water . . . below the surface of the ground" exclusion otherwise operates to preclude coverage. The policy's plain text excludes loss caused by *any* underground water. The term "water" in the relevant exclusion is modified only by the phrase "below the surface of the ground" and the provision does not otherwise exempt or distinguish underground water released by specific sources. The

23-35424

Kaufmans' loss is, therefore, excluded in any event.

3.     The district court properly granted summary judgment against the Kaufmans on their extracontractual claims alleging violations of common law and regulatory duties of good faith, the CPA, and the IFCA. No reasonable juror could conclude that State Farm overemphasized its interests, undertook an insufficient investigation, or failed to articulate an adequate basis—such that its denial of coverage was unreasonable—where State Farm promptly retained an independent engineering expert to investigate the Kaufmans' loss and grounded its coverage determination in the conclusions reached by that expert. When the Kaufmans contested the denial of coverage, State Farm reopened its investigation—the results of which confirmed the initial determination—and supplemented its explanation. The record does not indicate that the Kaufmans conducted their own investigation into the cause of the basement flooding. They simply requested a reconsideration of the coverage denial, which State Farm obliged, albeit with the same result.[1]

**AFFIRMED.**

---

[1] As the Kaufmans' bad faith claims fail for lack of unreasonable insurer conduct, we do not address their remaining arguments concerning bad faith damages.

23-35424